LAW OFFICE OF MOHAMMED GANGAT

(718) 669-0714 ✦ 675 3rd Ave, Ste 1810, NY, NY 10017 ✦ mgangat@gangatpllc.com

<u>via ECF</u>                                                                                                                  January 25, 2019
Hon. James Orenstein, U.S.M.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     RE:     <u>*Galan et al. v. Segarra et al.*</u>, No. 18-cv-02603-ENV-JO

To the Honorable Judge Orenstein:

     I write pursuant to Your Honor's Order, dated January 23, 2019, directing plaintiffs Eliana Galan and Carolina Guerrero ("Plaintiffs") to respond to the request made in the January 22, 2019, letter by counsel for defendants Carlos Segarra, Luzmila Segarra, Juan Carlos Segarra, Luis Caguana, Segarra Group, Chiflez Corp. and Cositas Ricas Ecuatorianas Corp. ("Defendants"). Defendants' letter requests "one week to file a motion to vacate default with a due date of January 29th, 2019."

## PROCEDURAL BACKGROUND

     Plaintiffs initiated this action against Defendants on May 2, 2018. Plaintiffs allege that defendants Carlos Segarra, Luzmila Segarra, Juan Carlos Segarra and Luis Caguana, collectively, the "Individual Defendants", own and operate two restaurants, defendants Chiflez Corp. and Cositas Ricas Ecuatorianas Corp. Plaintiffs alleged they worked for Defendants and during the employment Defendants failed to pay legally required wages, including minimum wage, overtime, and spread of hours pay. Plaintiffs also allege violations of law regarding employer's obligations to provide employees with an annual (or initial) hiring notice, and every pay period a proper statement/account of wages earned and paid. Defendants were served with the Complaint in May 2018. Defendants were served with Plaintiffs' motion for default judgment in August 2018. In September 2018, Defendants were served with the Scheduling Order, noting the Defendants' default in this action and scheduling an inquest in this action. The inquest was held in October 2018.

     On January 22, 2019, counsel for the Defendants' entered in appearance in this action, seeking to vacate default, on the grounds that defendant Carlos Segarra has been battling Parkinson's disease.

     A brief recap of other similar lawsuits against the Defendants is in order. Three other plaintiffs that I represented filed lawsuit prior to these Plaintiffs. The other actions were styled *Garcia et al. v. Cositas Ricas Ecuatorianas Corp. et al.*, No. 17-3671-SJB (EDNY), and *Trejos et al. v. Chiflez Corp. et al.*, No. 17-3672-SJB (EDNY). Defendants agreed to settle and the prior actions were dismissed on March 12, 2018. Defendants subsequently defaulted on the settlement agreements, leading to a lawsuit in state court, styled as *Mayor et al. v. Segarra et al.*, Index No. 708689/2018 (N.Y. Sup. Ct. – Queens Cty.) Defendants never responded to the state court complaint, so a motion for default was filed. On September 25, 2018, all of the Defendants except Luis Caguana appeared in state court on the return date for the motion for default. Defendants did not submit any opposition to the motion. On Dec. 12, 2018, the state court granted the motion for default, resulting in a judgment in the amount of $142,950.45 plus other amounts. Efforts to enforce that judgment have since been underway. Defendants have ignored

information subpoenas and otherwise refused to respond to any and all requests for information made by their judgment creditors.

Notably, counsel for the Defendants, Argilio Rodriguez, entered an appearance in the state court action on October 16, 2018. When I pressed Mr. Rodriguez why he has not responded to my contacting him numerous times between October 16, 2018 and January 22, 2019, to discuss Defendants' default in the state court action and this action, he had no response.

Plaintiff Carolina Guerrero has also filed a separate action in state court under city and state discrimination law. Defendants have not appeared in that action and it appears Plaintiff will have to move for a default there.

## LEGAL ARGUMENT

Defendants' do not indicate what grounds their intended motion to vacate will be premised. It would appear Defendants would seek to vacate their default on the basis of Rule 60(b)(1). The text of the rule provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. Pro. 60(b)(1). "A motion under Rule 60(b) is addressed to the sound discretion of the trial court." *Velez v. Vassallo,* 203 F.Supp.2d 312, 333 (S.D.N.Y.2002) (citation omitted). Such motions "are generally granted only upon a showing of exceptional circumstances" and "highly convincing" evidence. *Mendell In Behalf of Viacom, Inc. v. Gollust,* 909 F.2d 724, 731 (2d Cir.1990); *Kotlicky v. United States Fidelity Guar. Co.,* 817 F.2d 6, 9 (2d Cir.1987). The burden of showing that the motion is justified rests with the moving party. *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada,* 246 F.Supp.2d 231, 248 (S.D.N.Y.2002). The Second Circuit uses a three-factor test to evaluate Rule 60(b)(1) motions: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *State St. Bank and Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166–67 (2d Cir. 2004). Defendants' cannot meet this high standard.

   1. *Intentional Default*

Defendants' default was intentional. Defendants acknowledge that they knew about the lawsuit, and argue that "the delay by Defendants in appearing and answering in this action is that defendant Carlos Segarra, has been undergoing treatment for Parkinson's disease." Default is considered willful for purposes of 60(b)(1) "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *Hernandez v. La Cazuela de Mari Rest., Inc.*, 538 F. Supp. 2d 528, 533 (E.D.N.Y. 2007) (rejecting movant's willfulness argument based in part on fact that movant had been sued before and was aware from the experience the consequences of letting a default judgment be taken against it); *Quintana v. Young Blooming, Inc.*, 12-CV-120 (DLI)(MDG), 2016 WL 1273231, at *5 (E.D.N.Y. Mar. 30, 2016) (finding willfulness where "Defendants knew that this action was pending against them and that it required their attention" and noting that "[w]hile understandable that they would not grasp the legal complexities of litigating wage and hour claims in federal court, it was not excusable for them simply to ignore this case altogether") While a serious medical condition would no doubt be a reasonable excuse for delay, the totality of the

circumstances in this case shows that Defendants cannot show a reasonable excuse. These defendants have been defending against wage and hour lawsuits for the past two years, and perhaps longer. They have had multiple lawyers represent them. Throughout this time, their restaurants have been fully operational. This is not a case where they did not know they were defaulting or did not understand the consequences of their default. Their decision to default was willful, intentional, and not the type that should be excused. At a minimum the Court should find that defendant Carlos Segarra's illness in no way excuses the default of the three other individual defendants or the two corporate entities, which have been fully operational in every was save for addressing its legal liabilities.

2. Meritorious Defense

"In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *State St. Bank and Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) Notably, in the context of FLSA actions, a "complete defense" is one that proves there was no violation of the FLSA, and not one that merely speaks to the quantum of damages. *See Belizaire v. RAV Investigative and Sec. Services, Ltd.*, 310 F.R.D. 100, 105 (S.D.N.Y. 2015) (in FLSA action alleging failure to pay on a timely basis, Rule 60(b)(1) movant failed to show a meritorious defense where it conceded that a few payments were untimely and only challenged the number and the timing of the late wage payments). Here Defendants offer no explanation of their defense. Though not conclusive, it is telling that Defendants have been settling or defaulting everytime an employee sues them for these types of claims. Plaintiff maintains that the Court should deny any attempt to vacate on the grounds that Defendants' default was willful. *Hernandez v. La Cazuela de Mari Rest., Inc.*, 538 F. Supp. 2d 528, 534 (E.D.N.Y. 2007) ("Despite any meritoriousness of an anticipated defense, a default judgment should not be vacated if the default was willful[.]"). However, if the Court were to consider the "meritorious defense" factor, Plaintiff requests that an evidentiary hearing be held, where Plaintiff may examine witnesses and submit into evidence the wage and hour records Defendants rely on.

3. Prejudice

Courts find that where there vacating a default may hinder the ability to satisfy a judgment, it is appropriate to require as a condition of vacating the default, that defendants posts a bond with the Court. Plaintiff requests that as a precondition of any vacatur in this action, Defendants be required to post a bond. These Defendants have already defaulted on a Court-approved settlement agreed, and defaulted on their obligations as a judgment debtor after the Court issued a judgment based on their default of the settlement agreement.

As always, I thank the Court for its time and consideration.

Respectfully submitted,

*/s/ Mohammed Gangat*
Mohammed Gangat

cc: All counsel of record (via ECF