UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------- x
ELIANA GALAN and CAROLINA                           :
GUERRERO, on behalf of themselves                   :   Civil Action No. 18-2603
and others similarly situated,                      :
                                                    :
            Plaintiffs,                             :   AMENDED COMPLAINT
  - against -                                       :
                                                    :
CARLOS SEGARRA; LUZMILA                             :   Jury Trial Demanded
SEGARRA; JUAN CARLOS                                :
SEGARRA; CHIFLEZ CORP; and                          :
COSITAS RICAS ECUATORIANAS                          :
CORP. d/b/a EL PEQUENO COFFEE                       :
SHOP;                                               :
                                                    :
            Defendants                              :
---------------------------------------------------- x

Plaintiffs ELIANA GALAN and CAROLINA GUERRERO ("Plaintiffs"), by and through their attorneys, Law Office of Mohammed Gangat, file this Complaint against defendants CARLOS SEGARRA; LUZMILA SEGARRA; JUAN CARLOS SEGARRA; CHIFLEZ CORP; and COSITAS RICAS ECUATORIANAS CORP d/b/a EL PEQUENO COFFEE SHOP (collectively, the "Defendants").

## NATURE OF THE ACTION

1.  Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation, (2) liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.  Plaintiffs further allege that, pursuant to the New York Labor Law "NYLL", they are entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours: premium for each day they worked in excess of ten

(10) hours; (3) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; (5) damages pursuant to NYLL § 215(2)(a); and (6) attorneys' fees and costs.

3. Plaintiff Carolina Guerrero also allege she was terminated in violation of the New York Labor Law's retaliation provision.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendant resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

6. Plaintiffs are both residents of Queens County, New York.

7. Defendant Chiflez Corp ("Corporate Defendant" or "Chiflez") is a domestic corporation organized under the laws of the State of New York, with a principal place of business at 95-02 Roosevelt Ave, Jackson Heights, NY 11372.

8. Defendant Cositas Ricas Ecuatorianas Corp. d/b/a El Pequeno Coffee Shop ("Corporate Defendant" or "El Pequeno") is a domestic corporation organized under the law of the State of New York, with a principal place of business at 86-10 Roosevelt Avenue, Jackson Heights, NY 11372.

9. Defendants Carlos Segarra, Luzmilla Segarra, and Juan Carlos Segarra;

(collectively, the "Individual Defendants") are the co-owners, shareholders, directors, supervisors, managing agents, and proprietors of the Corporate Defendants, and each actively participate in the day-to-day operations of each of the Corporate Defendants and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder.

10. The Individual Defendants are jointly and severally liable with the Corporate Defendants for the wage and hour violations brought in this action.

11. The Individual Defendants exercise control over the terms and conditions of their employees' employment, in that they have and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

12. The Individual Defendants are present on the premises of the Corporate Defendants on a consistent basis, and actively supervise the work of the employees, including Plaintiffs, and upon information and belief, mandate that all issues concerning the employees' employment - including hours worked and pay received - be authorized and approved by them.

13. Upon information and belief, at all times relevant to the allegations in this Complaint, the Corporate Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that each (i) has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and had an annual gross volume of sales of not less than $500,000.

14. Defendants continuously employed plaintiff Eliana Galan in Queens County, New York to work as a non-exempt employee for Defendants' restaurant, Chiflez, from February 2015 until on or about December 22, 2016.

15. Defendants continuously employed Plaintiff Carolina Guerrero in Queens County, New York to work as a non-exempt employee for Defendants' restaurant, El Pequeno, from in or about July 2017 until in or about February 2017.

16. The work performed by Plaintiffs was directly essential to the businesses operated by Defendants.

17. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned wages for each hour of employment in direct contravention of the FLSA and New York Labor Law's minimum wage requirements.

18. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

19. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

20. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

21. Plaintiffs were hired by Defendants purportedly as waitresses.

22. In fact, Plaintiffs routinely did tasks having nothing to do with waiting tables, including spending more than two hours each workday performing duties such as cleaning the restaurant, selling bakery items at the bakery counter, processing carry-out and delivery orders, and stocking supplies in various stations throughout the restaurant.

23. These tasks were tasks for which Plaintiffs did not customarily receive tips.

24. During the course of Plaintiffs' employment by Defendants, they worked over forty (40) hours per week.

25. Upon being hired plaintiff Eliana Galan was instructed by Defendants to work and did in fact work a regular schedule consisting of five (5) days a week, Wednesday-Sunday, from 6am-4pm on weekday and 6am-5pm on weekends.

26. Throughout the employment Defendants agreed to and did in fact pay Ms. Galan wages of $40 each day, except that for the first week of work they paid nothing, and for the second week of work, they paid $30 per day.

27. On several occasions, Defendants required Ms. Galan to work a double-shift.

28. A double-shift meant that in addition to working her regular shift, she worked additional approximately 9 hours, which meant plaintiff's workday spanned almost the entire day—more than 18 hours! On these occasions, Defendants paid Ms. Galan her shift-rate multiplied by 2, *i.e.*, $80 per day.

29. Upon being hired plaintiff Carolina Guerrero was instructed by Defendants to work and did in fact work two separate positions, one as a bartender, and one as a server/general laborer.

30. Between July 2016 and August 2016, Defendants required Ms. Guerrero to work, and she did in fact work, for two days as a Bartender, for a 8 hour shift, for which she was paid $9.50 per hour and for two days as a server/general laborer for a 9.5 hour shift, for a wage of $40 per shift.

31. Between September and December 15, 2016, Defendants required Ms. Guerrero to work, and she did in fact work, for five days as a Waitress from 6 in the morning to between 4 and 4:30 in the afternoon, for a wage of $40 per shift.

32. Between December 15, 2016 until February 1, 2017 Defendants required Ms. Guerrero to work, and she did in fact work, from 3:00 PM to 1 or 1:30 AM on the weekends for a wage of $40 per shift.

33. For almost the entire time period between July 2016 and February 2017, Defendants made Ms. Guerrero pay $5 from her earnings to the restaurant as a cleaning fee.

34. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the federal or New York State minimum wage, the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

35. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

36. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time and pay records.

37. Defendants did not furnish Plaintiffs with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

38. Upon information and belief, defendants also failed to keep full and accurate records of Plaintiffs' hours and wages in violation of the New York Labor Law §§ 195, 661.

39. Defendants never informed Plaintiffs that they intended to take any tip credit as

required by the New York Department of Labor Hospitality Industry Wage Order.

40. In particular, Defendants never provided Plaintiffs, at or before the time of hiring, written notice that the employer will apply a tip credit or allowance toward their minimum wage.

41. Nor did Defendants calculate and keep records of the tips earned by Plaintiffs.

42. Furthermore, Plaintiff Carolina Guerrero was not permitted to keep all of her tips as $5 was taken out as a cleaning fee.

43. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the New York Labor Law.

44. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner a copy of New York Labor Law § 193 regarding the prohibition on illegal deductions from wages.

## STATEMENT OF CLAIM

### COUNT I
### Violation of the Fair Labor Standards Act

45. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "41" of this Complaint as if fully set forth herein.

46. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47. Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, Defendants employed Plaintiffs within the meaning of the

FLSA.

49. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

50. Plaintiffs were entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

51. Plaintiffs were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

52. Defendants failed to pay minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

53. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

54. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one- half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

55. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiffs.

56. Defendants have failed to make, keep and preserve records with respect to each of the Plaintiffs sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c)

and 215(a).

57. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

58. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

59. Due to the reckless, willful and unlawful acts of the Defendants, Plaintiffs and suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

60. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### Violation of the New York Labor Law's Provisions Governing Minimum Wage, Overtime and Spread of Hours Pay

61. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "57" of this Complaint as if fully set forth herein.

62. Defendants employed Plaintiffs within the meaning of New York Labor Law §§ 2 and 651.

63. Defendants knowingly and willfully violated the rights of Plaintiffs by failing to pay Plaintiffs the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

64. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor

Regulations § 146-1.6.

65. Defendants knowingly and willfully violated the rights of Plaintiffs by failing to pay "spread of hours" premium to Plaintiffs and the Class members for each day they worked in excess of ten (I 0) hours pursuant to New York State Department of Labor Regulations.

66. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the New York Labor Law.

67. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

68. Defendants failed to keep true and accurate records of hours worked by each Plaintiff covered by an hourly minimum wage rate, the wages paid to each Plaintiff, and other similar information in contravention of New York Labor Law § 661.

69. Due to the Defendants' New York Labor Law violations, Plaintiffs and the Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reimbursement any illegal deductions from wages, and reasonable attorneys' fees, costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

70. Plaintiff and the Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## COUNT III

### Violation of the New York Labor Law's Annual Wage Notice and Periodic Wage Statements Provisions

71. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "67" of this Complaint as if fully set forth herein.

72. Defendants have willfully failed to supply Plaintiffs with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

73. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

74. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

75. Through their knowing or intentional failure to provide Plaintiffs with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL,

Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

76. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs are entitled to statutory penalties of fifty dollars each daythat Defendants failed to provide Plaintiffs with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

77. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## COUNT IV

### Violation of the New York Labor Law's Provisions Governing Minimum Wage, Overtime and Spread of Hours Pay

78. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "74" of this Complaint as if fully set forth herein.

79. Defendants violated the NYLL § 215(a)(3) when they terminated Plaintiff's employment in retaliation for complaint she made and that her husband made concerning Plaintiff's illegal employment practices.

80. Plaintiff Guerrero began working for Defendants in July of 2016.

81. Her employment ended in explosive fashion.

82. She was terminated after both she and her husband confronted the company's management about the illegal wage and hour practices.

83. Just prior to her terminating, her husband expressly informed one of the managers at the restaurant, Joel, that Ms. Guerrero and other employees were being underpaid.

84. Plaintiff's husband complained to Joel that it was improper to pay by the shift because employees were required to come in before the shift and stay after the shift ended and that time went uncompensated.

85. Days after her husband complained, Plaintiff was terminated.

86. Joel later admitted to Plaintiff that the reason she was terminated is that she and her husband had raised the issue of illegal wage practices.

87. Joel also admitted that the owners of the restaurant were aware that the restaurant engaged in illegal wage practices.

88. According to Joel, the owners liked Ms. Guerrero personally and were satisfied with her job performance but they wanted to get rid of any employees who called attention to the illegal wage practices.

89. Defendants are there for liable to Plaintiff for damages under NYLL § 215(2)(a).

90. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, individually and/or jointly, payment of lost compensation, statutory damages in the amount of $20,000, and payment of reasonable attorneys' fees incurred in prosecuting the action.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs, ELIANA GALAN and CAROLINA GUERRERO, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully request that this Court grant the following relief:

i. An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and New York Labor Law;

ii. An award of unpaid "spread of hours" premium due under the New York Labor Law;

    iii.    An award for damages arising out of Defendants' illegal wage deductions;

    iv.    An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

    v.    An award of liquidated damages as a result of Defendants' failure to pay minimum wage compensation, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

    vi.    An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

    vii.    An award of prejudgment and post-judgment interest;

    viii.    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

    ix.    Such other and further relief as this Court determines to be just and proper.

    x.    As and for Fourth Cause of Action, award Plaintiff lost wages, statutory damages, and together with prejudgment interest and an award of attorneys' fees and costs;

    xi.    Award Plaintiff, any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

    xii.    Award Plaintiff such other, further and different relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York

April 12, 2019          **LAW OFFICE OF MOHAMMED GANGAT**

By: _____
         Mohammed Gangat, Esq.
         675 3rd Avenue, Suite 1810
         New York, NY 10017
         (718) 669-0714
         mgangat@gangatllc.com