# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ELIANA GALAN and CAROLINA GUERRERO, :
on behalf of themselves and others similarly situated, : No. 18-cv-02603-ENV-JO
:
Plaintiffs, :
 - against - : SETTLEMENT
: AGREEMENT AND
CARLOS SEGARRA; LUZMILA SEGARRA; : RELEASE
JUAN CARLOS SEGARRA; LUIS CAGUANA; :
SEGARRA GROUP; CHIFLEZ CORP; and :
COSITAS RICAS ECUATORIANAS CORP. d/b/a :
EL PEQUENO COFFEE SHOP; :
:
Defendants :
------------------------------------------------------------ :
 x

      This Settlement Agreement and Release ("Agreement") is made between on the one hand, Carolina Guerrero and Eliana Galan (collectively, the "Plaintiffs"), and on the other hand, Chiflez Corp., Segarra Group, Cositas Ricas Ecuatorianas Corp., Luis Caguana, Carlos Segarra, Luzmila Segarra, and Juan Carlos Segarra (collectively, the "Defendants" and together with "Plaintiffs, the "Parties").

      WHEREAS, Plaintiffs filed a lawsuit against Defendants in the United States District Court for the Eastern District of New York ("the Action") alleging that Defendants are liable for, among other things, unpaid minimum wage, overtime premium pay, spread-of-hours pay, liquidated damages, attorneys' fees and costs and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") and its implementing regulations, all of which Defendants have from the outset denied and continue to deny and Plaintiff Carolina Guerrero additionally alleged a claim for retaliatory termination pursuant to NYLL Section 215; and,

      WHEREAS, the Parties have considered the interests of all concerned are best served by compromise, settlement, and the dismissal of the Action with prejudice, and have concluded that the terms of this Agreement are fair, reasonable, adequate, and in their mutual best interests; and

      WHEREAS, to the extent there may be monies owed to Plaintiffs under the FLSA and/or NYLL, the Parties acknowledge there is a genuine good faith dispute over, among other things, the number of hours worked by Plaintiffs and whether Plaintiff Guerrero was terminated in a retaliatory manner; and

      WHEREAS, the Parties have engaged in settlement negotiations and as a result have agreed to settle the issues, matters and things in dispute among them in the Action pursuant to the terms of this Agreement; and,

NOW THEREFORE, in consideration of the mutual terms, conditions and covenants herein set forth, the Parties hereto agree as follows:

1. **Settlement.** The Parties acknowledge and agree that this Agreement and the consideration provided have been and are made and received solely on the basis of a compromise of disputed claims, and that this Agreement is not, and should not be construed as an admission by Defendants of any liability or wrongdoing whatsoever, nor is it, nor shall it be construed as an, admission of any act or fact whatsoever, including but not limited to any violation of federal, state, local or common law, statute, ordinance, directive, regulation or order (including executive orders).

2. **Payment to Plaintiffs.** In return for the good and sufficient consideration set forth herein, the Parties agree to the following:

   a. Defendants shall pay Plaintiffs $25,000.00. The payment shall be apportioned as follows: $1,350 as reimbursement to Plaintiff's counsel for expenses incurred in the prosecution of this action; $5,000 to Planitiff's counsel for attorneys' fee incurred in the prosecution of this action; $9,325 to plaintiff Eliana Galan; and $9,325 to plaintiff Carolina Guerrero.

   b. Defendants agree to pay the amount by check made out to Mohammed Gangat, Esq. and delivered to Mohammed Gangat, Esq., 675 3rd Avenue, Suite 1810, New York, NY 10017, via USPS mail with tracking service, or a comparable alternative, according to the following payment schedule: $15,000 paid within 10 days of the Court approving the Agreement, and every 30 days thereafter, a series of installment payments of $2,000, until the full $25,000 is paid, i.e., five installment payments.

3. **Release and Waiver of Rights and Claims by the Parties.**

   a. Release of Claims. In consideration for the settlement payment set forth above, Plaintiffs hereby completely, irrevocably and unconditionally does release, waive and forever discharge the claims alleged in the Action and any and all claims, charges, complaints, judgments, or liabilities of any kind against Defendants, their heirs, executors, administrators, estate, predecessors, successors, assigns, attorneys, accountants, insurers, fiduciaries, representatives, and agents thereof both individually and in their business capacities (collectively referred to as "RELEASEES"), whether known or unknown, arising under The Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq., the New York Labor Law, as amended (including all regulations and minimum wage orders), the New York Labor Law §§190-198, as amended, the New York Labor Law §§220, et seq., the New York Labor Law §§230, et seq., the New York Wage Hour and Wage Payment Laws, as amended, and the New York Minimum Wage Act, as amended, all claims for compensation or remuneration of any kind, unpaid wages, unpaid overtime, unpaid prevailing wages and supplemental benefits, improper deductions, spread-of-hours pay, split-shift pay, call in pay, vacation pay, holiday pay, severance pay, bonuses, deferred compensation, incentive plans, and any claim for attorneys' fees or costs incurred in pursuing such claims against any of the RELEASEES.

4. **No Other Payment Due**. Except as specifically provided in this Agreement, Plaintiffs agree that they are not entitled to any other payments for salary, benefits, wages, bonuses, allowances, compensatory time, severance pay, notice pay, vacation or holidays, accrued leave, paid leave, or any other form or kind of payment or compensation from Defendants for any work he performed for Defendants during the relevant period as defined in the Complaint to the date the Parties execute this Agreement. For the avoidance of doubt, it is expressly set forth here that Section 4. of the Agreement in no way waives otherwise diminishes Plaintiffs' right to seek unemployment benefits arising out of his termination.

5. **Accord and Satisfaction**. Should any proceeding be instituted by Plaintiffs with respect to matters here settled, released or waived pursuant to the Agreement, other than an action or proceeding to enforce the terms of the Agreement, this Agreement shall be deemed full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

6. **Dismissal of the Action**.

    a. Plaintiffs promise and represent that they will withdraw, with prejudice, any and all outstanding administrative complaints or charges alleging improper payment of wages, filed with federal, state and local agencies/administrative bodies and will also withdraw or discontinue with prejudice all judicial actions concerning improper payment of wages, including without limitation, the Action, as well as any and all other lawsuits, claims, counterclaims, demands, appeals or actions concerning improper payment of wages pending against the parties they have released herein; and will not accept any money from or file any other currently existing internal or external administrative or judicial complaints, charges, lawsuits, claims, demands, appeals or actions of any kind based on Defendants' improper payment of wages to Plaintiffs during their employment by Defendants through the date this Agreement and General Release is executed by the Parties.

    b. Payment of the Settlement Amount due under this Agreement is contingent upon the Court approving this Agreement.

    c. After payment pursuant to this Agreement is received by Plaintiffs' counsel, Plaintiffs shall execute a Stipulation of Dismissal with Prejudice and provide a signed copy of such to Defendants and Defendants shall then execute same and Plaintiffs' counsel shall file a fully-executed copy of the Stipulation of Dismissal with the Court.

    d. The Stipulation of Dismissal shall expressly state that the dismissal is with the Court reserving authority to retain jurisdiction to enforce the terms of this Agreement for a period of not longer than ninety days following dismissal.

    e. The Parties agree to use their best efforts to obtain the Court's approval of this Agreement and endorsement of the Stipulation of Dismissal.

7. **Attorneys' Fee and Costs Provision**: If either party files a lawsuit (or court pleading) or arbitration to enforce the terms of the Agreement, and this results in a recovery of damages for that party against the other otherwise results in a finding of liability against the other party, then the prevailing party shall have the right to collect from the other the prevailing party's

reasonable costs and necessary disbursements and attorneys' fees incurred in enforcing the Agreement.

8. **Entire Agreement**. The Parties represent and acknowledge that they have carefully reviewed each and every word of this Agreement to ensure complete understanding of the Agreement's full effect and that it contains the entire understanding between them and that they are not relying upon any representations or statements, written or oral, made by or on behalf of any Party not set forth herein.

9. **Non-Disparagement**. The Parties agree not to disparage any party to this Action in any way or say or do anything that would harm the reputation of that individual and/or corporate entity, except that the Parties retain their right to discuss matters related to this Action with whomever the Parties choose so long as those statements are truthful.

10. **Waiver and Modification**. This Agreement and General Release may not be modified, altered or changed except upon express written consent of the Parties.

11. **Counterparts**. This Agreement and General Release may be executed in counterparts and/or by facsimile and remain entirely enforceable.

12. **Use of the Singular**. Whenever used in this Agreement and General Release, the singular word shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders. This General Release shall not be interpreted in favor of, or against, either party because of such party having drafted this General Release.

13. **Governing Law**. This Agreement and General Release shall be subject to and governed by the laws of the State of New York.

14. **Severability Clause**. If any term or provision of this Agreement and General Release, or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder of the Agreement and General Release, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement and General Release shall be valid and be enforced to the fullest extent permitted by law; provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in Paragraph 3 herein are illegal, void, or unenforceable, or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable to Defendants.

In Witness Whereof, Plaintiff and Defendants hereunto set their hands this the \_\_\_\_\_ day of August, 2019.

PLAINTIFF ELIANA GALAN

                                                    PLAINTIFF CAROLINA GUERRERO

_____
Eliana Galan

_____  
Carolina Guerrero

Carlos Segarra on behalf of Segarra Group

**DEFENDANT CARLOS SEGARRA**

_____  
Carlos Segarra

**DEFENDANT JUAN CARLOS SEGARRA**

_____  
Juan Carlos Segarra

**DEFENDANT LUZMILA SEGARRA**

_____  
Luzmila Segarra

**DEFENDANT LUIS CAGUANA**

_____  
Luis Caguana

**DEFENDANT CHIFLEZ CORP.**

_____  
Carlos Segarra on behalf of Chiflez Corp.

**DEFENDANT COSITAS RICAS ECUATORIANAS CORP.**

_____  
Carlos Segarra on behalf of Cositas Ricas Ecuatorianas Corp.

**DEFENDANT SEGARRA GROUP**

_____

Page 5 of 5

Scanned with CamScanner

reasonable costs and necessary disbursements and attorneys' fees incurred in enforcing the Agreement.

8. **Entire Agreement**. The Parties represent and acknowledge that they have carefully reviewed each and every word of this Agreement to ensure complete understanding of the Agreement's full effect and that it contains the entire understanding between them and that they are not relying upon any representations or statements, written or oral, made by or on behalf of any Party not set forth herein.

9. **Non-Disparagement**. The Parties agree not to disparage any party to this Action in any way or say or do anything that would harm the reputation of that individual and/or corporate entity, except that the Parties retain their right to discuss matters related to this Action with whomever the Parties choose so long as those statements are truthful.

10. **Waiver and Modification**. This Agreement and General Release may not be modified, altered or changed except upon express written consent of the Parties.

11. **Counterparts**. This Agreement and General Release may be executed in counterparts and/or by facsimile and remain entirely enforceable.

12. **Use of the Singular**. Whenever used in this Agreement and General Release, the singular word shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders. This General Release shall not be interpreted in favor of, or against, either party because of such party having drafted this General Release.

13. **Governing Law**. This Agreement and General Release shall be subject to and governed by the laws of the State of New York.

14. **Severability Clause**. If any term or provision of this Agreement and General Release, or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder of the Agreement and General Release, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement and General Release shall be valid and be enforced to the fullest extent permitted by law; provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in Paragraph 3 herein are illegal, void, or unenforceable, or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable to Defendants.

In Witness Whereof, Plaintiff and Defendants hereunto set their hands this the _____ day of August, 2019.

PLAINTIFF ELIANA GALAN

*Eliana Galan* (signature)
Eliana Galan

PLAINTIFF CAROLINA GUERRERO

_[signature]_   _[signature]_ Carlos Segarra on behalf of Segarra Group
Carolina Guerrero

**DEFENDANT CARLOS SEGARRA**

_[signature]_
Carlos Segarra

**DEFENDANT JUAN CARLOS SEGARRA**

_[signature]_
Juan Carlos Segarra

**DEFENDANT LUZMILA SEGARRA**

_[signature]_
Luzmila Segarra

**DEFENDANT LUIS CAGUANA**

_[signature]_
Luis Caguana

**DEFENDANT CHIFLEZ CORP.**

_[signature]_
Carlos Segarra on behalf of Chiflez Corp.

**DEFENDANT COSITAS RICAS ECUATORIANAS CORP.**

_[signature]_
Carlos Segarra on behalf of Cositas Ricas Ecuatorianas Corp.

**DEFENDANT SEGARRA GROUP**

_[signature]_

Page 5 of 5

Scanned with CamScanner