UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
ELIANA GALAN and CAROLINA GUERRERO, :
: No. 18-cv-02603-JO
        Plaintiffs, :
- against - :
: MEMORANDUM
: OF LAW IN
CARLOS SEGARRA; LUZMILA SEGARRA; JUAN : SUPPORT OF
CARLOS SEGARRA; CHIFLEZ CORP; and COSITAS : PLAINTIFFS'
RICAS ECUATORIANAS CORP. d/b/a EL PEQUENO : MOTION
COFFEE SHOP; :
        Defendants. :
---------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

Plaintiffs Eliana Galan ("Eliana") and Carolina Guerrero ("Carolina" and together with Eliana, "Plaintiffs") submit this memorandum in support of their motion for reconsideration and motion for judgment against defendants Carlos Segarra, Juan Carlos Segarra, Luzmila Segarra, Chiflez Corp., and Cositas Ricas Ecuatorianas Corp. (collectively, "Defendants").

There are two branches to this motion. First, Plaintiffs move for reconsideration of the order, dated September 13, 2019, where the Court directed the Clerk of Court to terminate the case. Plaintiff submit that this order should be revised to reflect that the Court is retaining jurisdiction to enforce the settlement agreement entered into by the parties to this action for a period of not longer than sixty days following dismissal.

Second, Plaintiffs seek a judgment enforcing the settlement agreement, or in the alternative an Order returning this matter to active status, and allowing Plaintiffs to continue prosecuting their claims. Because certain of the Defendants are in bankruptcy proceedings, Plaintiffs are seeking a judgment only against those Defendants not in bankruptcy proceedings, and as to those in bankruptcy, Plaintiffs seek to have the action returned to active status and stayed as to them.

**BACKGROUND**

This case has a long history. On May 2, 2018, Plaintiffs filed this action, which is an action for unpaid wages and other amounts due to them under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). This action was filed against defendants Carlos Segarra, Luzmila Segarra, Juan Carlos Segarra, Luis Caguana, Chiflez Corp., and Cositas Ricas Ecuatorianas Corp. ("Defendants"). In August 2018, Plaintiffs moved for default. In September 2018, the Court held an inquest hearing. In November 2018, Plaintiffs submitted post-inquest briefing. While the motion for default was *sub juidice*, Defendants appeared in this action by counsel.

After appearing on January 22, 2019, Defendants required an extension of time to move to vacate the entry of default against them. Later that day, the Court issued an Order denying Defendants' request because it was procedurally improper. Later that day, Defendants filed a letter motion using the proper procedure. On January 25, 2019, the Court issued an Order that Defendants' letter motion seeking an extension of time was moot because under applicable rules there was no deadline to file a motion to vacate. Importantly the docket only text order from January 25 stated that "If and when the defendants move to vacate their default, the court will resolve the motion, taking into account the delay both in seeking such relief and in appearing at all."

On February 5, 2019, with Defendants still not having filed any motion, the Court issued a Scheduling Order setting a status conference for February 14, 2019.

On February 14, 2019, Defendants filed a motion to vacate default. A few hours later the parties appeared at a status conference.

On February 22, 2019, Defendants removed a state court action filed by Plaintiff Carolina

Guerrero (one of the two Plaintiffs in this action).

On March 1, 2019, the Court issued a text only docket Order stating that defendants notice of removal indicated Defendants were seeking to remove a state court action and consolidate the state court action with a pending federal court action, therefore Defendants must file a motion to consolidate by March 15, 2019.

On March 15, 2019, Defendants filed a motion to consolidate.

On March 25, 2019, Plaintiffs filed a motion to remand the state court action.

On April 8, 2019, the parties submitted a stipulation resolving the various motions, and providing for a discovery schedule for this action to proceed. The Court thereafter terminated the various motions and issued a discovery schedule.

On August 1, 2019, after discovery was concluded, the Court held a settlement conference and the parties agreed on material terms of a settlement.

On August 16, 2019, the parties submitted a motion for settlement approval, and on September 10, 2019, the parties supplemented this submission with additional documents in support of the motion for settlement approval. The motion included a copy of the Settlement Agreement. (Ex.[1] A) In Section 6, subparts d and e, the Settlement Agreement states:

> c.  After payment pursuant to this Agreement is received by Plaintiffs' counsel, Plaintiffs shall execute a Stipulation of Dismissal with Prejudice and provide a signed copy of such to Defendants and Defendants shall then execute same and Plaintiffs' counsel shall file a fully-executed copy of the Stipulation of Dismissal with the Court.
>
> d.  The Stipulation of Dismissal shall expressly state that the dismissal is with the Court reserving authority to retain jurisdiction to enforce the terms of this Agreement for a period of not longer than ninety days following dismissal.
>
> e.  The Parties agree to use their best efforts to obtain the Court's approval of this Agreement and endorsement of the Stipulation of Dismissal.

---

[1] All reference to "Ex." Refer to Exhibits annexed to the Declaration of Mohammed Gangat, Esq., dated October 10, 2019, submitted herewith.

(Ex. A., p. 3.)

On September 13, 2019, the Court issued an Order approving the settlement agreement and directing the Clerk of Court to mark the action closed. (Ex. B.) On September 16, 2019, a docket-only entry appeared on the docket, presumably made by the Clerk of Court, indicating "Civil Case Terminated." (Id.)

On September 23, 2019, Defendants were required to make a payment pursuant to the Settlement Agreement. Specifically, Section 2.b. provides that Defendants agree to pay "$15,000 within 10 days of the Court approving the agreement, and every 30 days thereafter a series of installment payments of $2,000, until the full $25,000 is paid, i.e., five installment payments." (Ex. A, p. 2.) In written correspondence sent by US Mail on September 25, 2019, and follow-up email correspondence sent on October 1, 2019, I notified Defendants' counsel that Plaintiffs were declaring Defendants in default of the Settlement Agreement for failing to comply with a material term. (Ex. C.) I further advised Defendants of their obligation to sign a stipulation of dismissal which provided that the Court retains jurisdiction to enforce the Agreement. (Ex. D.) Defendants' counsel has been non-responsive, and has made no attempt to contact me following the signing of the agreement and submission of the Agreement to the Court back on August 16, 2019.

## ARGUMENT

1. **Motion for Reconsideration**

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. *See Wilson v. Pessah*, No. 05-CV-3143, 2007 U.S. Dist. LEXIS 17820, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007). A motion for

reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. *See United States v. Gross*, No. 98-CR-0159, 2002 U.S. Dist. LEXIS 28159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. *See Lehmuller v. Inc. Vill. of Sag Harbor*, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. *Wechsler v. Hunt Health Sys.*, 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

Here, Plaintiffs seek reconsideration of the docket-only Order from September 13, 2019, which states: "The motion for final settlement approval is granted. I respectfully direct the Clerk of Court to mark this action closed." Plaintiffs submit that the Court should reconsider this Order and issue a new Order which expressly states that the Court is retaining jurisdiction to enforce the Settlement Agreement for a period of not longer than sixty days following dismissal. The Settlement Agreement entered into by the parties and approved by the Court expressly states that the parties agree to use their best efforts to have the Court endorse a stipulation of dismissal that states the Court is preserving jurisdiction to enforce the agreement. A proposed stipulation signed by both parties would have been submitted to the Court, but Defendants refused to sign such a stipulation. In the circumstances, Plaintiffs respectfully submit that the Court should issue a revised order stating that the Court retains jurisdiction to enforce the Settlement Agreement for a period of not longer than sixty days following dismissal.

**2. <u>Motion for Judgment</u>**

    a. <u>Jurisdiction Exists to Enforce the Agreement</u>

Assuming the first branch of this motion is granted, this Court has jurisdiction to enforce the settlement agreement pursuant to the revised order of dismissal which expressly states so.

Even if the first part of the motion were not granted, it can still be argued that District Courts have the power and responsibility to enforce settlement agreements in cases that are pending before them to allow the wronged party to proceed with the litigation. *Meetings & Expositions, Inc. v. Tandy Corp.,* 490 F.2d 714, 717 (2d Cir. 1974) ("A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it."); accord *Garibaldi v. Anixter, Inc.*, 533 F. Supp. 2d 308, 310 (W.D.N.Y. 2008). In *Janus Films, Inc. v. Miller*, 801 F.2d 578 (2d Cir. 1986), the Second Circuit held that a court has clear authority to enter a "settlement judgment" where a settlement is reported to the court "during the course of a trial or other significant courtroom proceedings." *Id*. at 583. In entering such a judgment, "the judge is obliged to determine the detailed terms of the relief and the wording of the judgment." *Id*. at 582; accord *Consol. Edison Co. of N.Y. v. Fyn Paint & Lacquer Co.*, 2008 U.S. Dist. LEXIS 25097, 2008 WL 852067, at *6 (E.D.N.Y. Mar. 28, 2008).

In the present case, this Court has jurisdiction to decide this motion since the parties submitted the settlement agreement to the Court for the purposes of enforcing the settlement agreement pursuant to the Court's Order.

    b. <u>The Court May Enter a Judgment for the Full Settlement Amount</u>

Pursuant to the terms and spirit of the settlement agreement, this Court should order and enter a judgment against certain Defendants (as explained below) for the full amount of the payment due under the Settlement Agreement, i.e., $25,000. (Ex. A, p. 2.)

The Second Circuit held that a court has clear authority to enter a "settlement judgment" where a settlement is reported to the court "during the course of a trial or other significant courtroom proceedings." *Janus Films, Inc. v. Miller*, 801 F.2d 578 (2d Cir. 1986). Courts have the power to enter a judgment consistent with the terms of the settlement agreement. *Id*. at 578; *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443, 448 (2d Cir. 2005) (affirming decision of district court to "enter judgment in accordance with the terms of [a] Settlement Agreement").

Here, the parties have submitted the settlement agreement to the Court for during the course of the proceedings. Therefore, this Court has the authority to enter a "settlement judgment" consistent with the terms of the settlement agreement.

Defendants breached the Settlement Agreement on September 23, 2019 and continue to be in breach. Plaintiffs should be awarded a judgment in the full amount due under the Settlement Agreement, i.e., $25,000.00 with prejudgment interest awarded from the date of the breach.

Of course, because certain of the Defendants are in bankruptcy, the judgment may only be awarded against those not in bankruptcy. The Defendants not in bankruptcy are: Juan Carlos Segarra and Luzmila Segarra. Judgment should be entered against them. In the alternative, Plaintiffs request that the matter be returned to active status, and Plaintiff be allowed to continue prosecuting this action as against the non-bankrupt Defendants.

As to the Defendants in bankruptcy, that is Carlos Segarra, Chiflez Corp. and Cositas Ricas Ecuatorianas Corp. As to these Defendants, Plaintiff submit that the action should be returned to "active" status as against them, and the matter stayed as against them pending the outcome of their bankruptcy cases.

3. <u>The Court Should Award Plaintiffs' Attorneys Fees Incurred in Enforcing the Agreement</u>

If the Court awards grants Plaintiffs' Motion by awarding a money judgment or any other relief, this Court should find that Plaintiff is also entitled to an award of attorneys' fees pursuant to Section 7. of the Agreement, which states:

> If either party files a lawsuit (or court pleading) or arbitration to enforce the terms of the Agreement, and this results in a recovery of damages for that party against the other otherwise results in a finding of liability against the other party, then the prevailing party shall have the right to collect from the other the prevailing party's reasonable costs and necessary disbursements and attorneys' fees incurred in enforcing the Agreement.

Plaintiffs' counsel expended 11.2 hours corresponding with Defendants' counsel concerning Defendants' breach of the Agreement; reviewing and analyzing responses to a bankruptcy filing made by Defendant Carlos Segarra on September 10, 2019, after the Settlement Agreement was signed; and preparing and filing this Motion. (Ex. E.) As a 2009 graduate of Georgetown Law School, and an attorney who has been continuously licensed to practice law in New York since 2012, counsel for Plaintiffs respectfully submits that he should be entitled to a finding that a reasonable hourly rate for his services in this type of action is $350 per hour. Multiplying the 11.2 hours by $350 yields a total of $3,920. Plaintiffs respectfully submit that an award of attorneys' fees in this amount against the Defendants not in bankruptcy is appropriate.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request this Court grant Plaintiffs' motion to reconsider and motion for judgment.

Dated: New York, New York　　　　　　　　**LAW OFFICE OF MOHAMMED**
October 10, 2019　　　　　　　　　　　　　　**GANGAT**

　　　　　　　　　　　　　　　　　　　　　　By:　　　　*/s/ Mohammed Gangat*
　　　　　　　　　　　　　　　　　　　　　　　　　　　Mohammed Gangat, Esq.

- 9 -

                                                           675 3rd Avenue, Suite 1810
New York, NY 10017
(718) 669-0714
mgangat@gangatllc.com

***Attorneys for Plaintiffs***