## LAW OFFICE OF MOHAMMED GANGAT

(718) 669-0714 ✦ 675 3rd Ave, Ste 1810, NY, NY 10017 ✦ mgangat@gangatpllc.com

<u>*via ECF*</u>                                                                                                      November 22, 2019
Hon. James Orenstein, U.S.M.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   RE: <u>*Galan et al. v. Segarra et al.*</u>, No. 18-cv-02603-ENV-JO

To the Honorable Judge Orenstein:

  I represent plaintiffs Eliana Galan and Carolina Guerrero in this action. I write concerning Plaintiffs' request to enforce the settlement agreement. This request is currently being held in abeyance by Your Honor pending the resolution of certain bankruptcy proceedings. Given certain developments in those proceedings, Plaintiffs are writing this letter and seeking a ruling on their request.

  This request was made in a formal motion filed on October 10, 2019 (ECF #77). Your Honor ordered defendants Luis Caguana, Chiflez Corp., Cositas Ricas Ecuatorianas Corp., Carlos Segarra, Juan Carlos Segarra, Luzmila Segarra. (collectively, "Defendants") to respond to the motion by October 17, 2019, and Defendants timely responded. A status conference was held on October 24, 2019 where the motion was discussed. After the status conference, Your Honor issued a Civil Conference Minute Order indicating that the request to enforce the settlement agreement would be held in abeyance and the parties were to report on the status of the bankruptcy proceedings by December 23, 2019 (ECF #79).

  At the status conference, I explained that defendant Carlos Segarra was the individual who Plaintiffs believe has assets and can satisfy any judgment, whilst the other defendants are likely 'judgment-proof'. I further explained that defendant Carlos Segarra had filed for bankruptcy and as a result Plaintiffs were not at that time in position to seek a judgment against him. On November 21, 2019, the bankruptcy case was dismissed by the Hon. Carla E. Craig., US Bankruptcy Court – Eastern District. Attached hereto as Exhibit A is Judge Craig's Order dismissing the case.

  Now that the bankruptcy case against Mr. Segarra is dismissed, a judgment can be issued against him, and Plaintiffs can begin the judgment enforcement process. Notably although two of the other defendants are also in bankruptcy, at this time, Plaintiffs are only seeking a judgment against Carlos Segarra and the other defendants not in bankruptcy (Juan Carlos Segarra, Luzmila Segarra and Luis Caguana).

  Plaintiffs believe that a judgment against Carlos Segarra can be enforced and end this long running case. In this regard, I note that Mr. Segarra filed for bankruptcy one day before the New York City Sherriff's department was set to levy on one of Mr. Segarra's real estate holdings by auctioning the property. I am in contact with the Sheriff and anticipate that the auction process will be restarted, and the home will be put to auction within four to six weeks. Were Plaintiff to receive their judgment prior to the auction, Plaintiffs would likely be able to collect

on the judgment via the proceeds of this auction, and that would mean this case could be dismissed. Although Plaintiffs anticipate Mr. Segarra will file another bankruptcy on the eve of the auction, Plaintiffs are confident that given the record in the prior bankruptcy, and the evidence in Plaintiffs' possession, the bankruptcy court will grant relief from the stay sufficient to allow the auction to proceed.

       For these reasons, and based on the papers submitted in the motion filed on October 10, 2019 (ECF #77) and attached here, I respectfully request that the Court issue a judgment against Carlos Segarra, Luzmila Segarra, Juan Carlos Segarra, and Luis Caguana in the amount of the settlement payment that was due, $25,000, plus an award of prejudgment interest and attorneys' fees and expenses. Prejudgment interest should be awarded at a rate of 9% from the date Defendants breached their obligation under the settlement agreement, which was September 23, 2019. With respect to the attorneys' fees and expenses, I am providing the Court with an updated record of the attorneys' fees and expenses that I have incurred in attempting to enforce the settlement agreement, and I respectfully request that to the extent the Court awards Plaintiffs a judgment that includes attorneys' fees and expenses incurred in enforcing the settlement agreement, the Court use the updated attorneys' fees and expenses amount reflected in Exhibit B hereto, which totals $7,980, as opposed to the $3,920 requested in the original motion.

       As always, I thank the Court for its time and consideration.

Respectfully submitted,

/s/ *Mohammed Gangat*
Mohammed Gangat

cc: All counsel of record (via ECF)