# LAW OFFICE OF MOHAMMED GANGAT

(718) 669-0714 ✦ 675 3rd Ave, Ste 1810, NY, NY 10017 ✦ mgangat@gangatpllc.com

<u>via ECF</u>  December 10, 2019
Hon. James Orenstein, U.S.M.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     RE:    <u>Galan et al. v. Segarra et al.</u>, No. 18-cv-02603-ENV-JO

To the Honorable Judge Orenstein:

    I represent plaintiffs Eliana Galan and Carolina Guerrero ("Plaintiffs") in this action. I write to submit additional documentation in support of the motion for judgment based on settlement filed on October 10, 2019 (ECF #77) (the "Motion"). I note that Your Honor has scheduled a conference in this action for December 11, 2019, at 11:30 am. The Motion seeks, *inter alia*, an award of attorneys' fees and expenses incurred in enforcing a settlement agreement. On November 22, 2019, Plaintiff supplemented the materials submitted in support of the Motion by including additional documentation concerning the attorneys' fees and expenses incurred. Now, I write to once again submit additional documentation concerning the attorneys' fees and expenses incurred.

    By way of background, I note that the settlement agreement was entered into between on the one hand, Plaintiffs, and on the other, defendants Luis Caguana, Chiflez Corp., Cositas Ricas Ecuatorianas Corp., Carlos Segarra, Juan Carlos Segarra, Luzmila Segarra. (collectively, "Defendants"). The agreement was fully executed and submitted to the Court for approval as of August 16, 2019. Pursuant to the agreement, Defendants were required to make a settlement payment of $15,000 on or before September 23, 2019, and five additional payments, each 30 days apart, each in the amount of $2,000. Defendants failed to pay $15,000 on or before September 23, 2019, as required. Instead of making the payment after signing the agreement, one of the defendants filed for bankruptcy, and counsel for the Defendants contended that no defendant had the money available to pay. Accordingly, on October 10, 2019, Plaintiffs filed the Motion to enforce the agreement. After the motion was filed, Defendants filed an opposition to the Motion. Three of the Defendants also sought a bankruptcy court order discharging their obligations under the agreement.

    Plaintiffs submit due to Defendants' breach of the agreement, Plaintiffs are entitled to compensatory damages and prejudgment interest as set forth in the Motion, as well as an award of attorneys' fees and expenses incurred in enforcing the agreement. To substantiate the attorneys' fees and expenses incurred, Plaintiffs have submitted billing records in my letter dated, November 22, 2019. Those billing records reflect the time I spent working to enforce the agreement. I worked in conjunction with bankruptcy attorneys and I am now submitting as Exhibit A hereto billing records from those bankruptcy attorneys. The billing records from the bankruptcy attorneys were not available at the time of my prior submissions.

The bankruptcy attorneys filed pleadings and otherwise participated in the bankruptcy in an effort to enforce the agreement against the Defendants. Because the work was performed in furtherance of enforcing the agreement, it should be accounted for in any attorneys' fees award.

To be sure, the attached billing records reflect work the bankruptcy attorneys performed for Plaintiffs as well as separate work performed for three other creditors of the Defendants. In order to segregate what work was for Plaintiffs and what work was for other credits, I have highlighted those time entries which concern work performed exclusively for the Plaintiffs. Those entries total $1,000. Several other entries reflect work performed jointly for Plaintiffs and other. I have circled those entries and note that they total $2,100. Given that the work was performed for five different creditors (excluding me as I am also a creditor), two of which are Plaintiffs, I submit that 40% of the total dollar amount of those time entries reflects work performed for Plaintiffs. Forty percent of $2,100 comes to $840. Accordingly, the billing records from the bankruptcy attorneys reflect a total of $1,840 in charges towards enforcing the agreement.

I respectfully submit that based on Defendants' breach of the agreement and subsequent efforts to avoid their obligations thereunder, Plaintiff is entitled to an award of compensatory damages in the amount of $25,000, prejudgment interest at the statutory rate running from September 23, 2019, and attorneys' fees and expenses in the amount of $9,820.

As always, I thank the Court for its time and consideration.

Respectfully submitted,

/s/ *Mohammed Gangat*
Mohammed Gangat

cc: All counsel of record (via ECF)